## EL PUEBLO *v.* GOITIA.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 55.—Resuelto en febrero 8, 1904.

PRUEBAS CONTRADICTORIAS—VEREDICTO—SENTENCIA.—Es un principio de derecho bien establecido que en aquellos casos en que hubiere pruebas contradictorias, si los hechos probados son suficientes para justificar la sentencia, tanto ésta como el veredicto no deben ser objeto de modificación alguna.

ACUSADO—CONSECUENCIAS NATURALES DE SUS ACTOS DELIBERADOS.—Se presume que todo acusado prevee las consecuencias naturales de sus actos deliberados.

NUEVO JUICIO—DESCUBRIMIENTO DE NUEVAS PRUEBAS—DEBIDA DILIGENCIA.—Para que una petición de nuevo juicio, fundada en el descubrimiento de nuevas pruebas pueda prosperar, no sólo es necesario acreditar que las pruebas han sido descubiertas recientemente, sino que hay que probar a satisfacción del tribunal que la parte que las propone no hubiera podido descubrir la existencia de tales pruebas, con anterioridad al juicio, mediante el ejercicio de debida diligencia.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan R. Ramos.*

Abogado del apelado: *Sr. del Toro, Fiscal.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la siguiente opinión del tribunal:

El demandado en este causa fué acusado del delito de acometimiento con arma mortífera, que se alega fué cometido en el día 24 de marzo de 1903. Seis días después la acusación (*) fué presentada contra él, por el Fiscal de la Corte de Distrito. En 1 de abril se le exigió una fianza, y en cuatro del mismo mes, se le leyó la acusación. En el día 16 de junio fué juzgado ante un Jurado que le declaró culpable. En debido tiempo fué sentenciado por la corte a la pena de un año y seis meses de presidio con trabajos forzados y al pago de las costas. Antes de dictarse la sentencia, el abogado defensor presentó una moción pidiendo un nuevo juicio, sirviendo de base para la misma los siguientes fundamentos: Primero, que el veredicto del jurado era contrario a la ley y a la evidencia, y, segundo, que deseaba presentar nuevas pruebas. Se desestimó la moción para un nuevo juicio, y se dictó la sentencia, y se interpuso recurso de apelación a esta corte. Se presentan cuatro fundamentos para la revocación de la sentencia.

1. Que la prueba no era suficiente para justificar al jurado en dar un veredicto de culpable, ni al tribunal, en condenar al prisionero a presidio.

2. Que Viera, el herido, provocó y cometió el asalto y no el demandado.

3. Que el revólver fué disparado accidentalmente en la contienda que resultó entre las partes para su posesión.

4. Que se infringieron los siguientes estatutos:

A. Las secciones 11 y 12 del Código Penal, proveyendo que en todo delito es menester que exista una unión de acción e intención y que tal acción se manifiesta por las circunstancias relacionadas a la ofensa, y la mente sana, y discreción del acusado.

B. La sección 39 del Código de Enjuiciamiento Criminal que trata de la defensa propia.

C. Que el veredicto del jurado infringe las secciones 301 y 303 del Código de Enjuiciamiento Criminal, y especialmente el párrafo 7 de la última; que el veredicto del jurado es contrario a las pruebas y particularmente a las nuevas pruebas.

D. Que el demandado tiene derecho al beneficio de la sección 236 del Código de Enjuiciamiento Criminal, que declara la bien conocida doctrina que es de presumirse inocente todo acusado hasta que se pruebe lo contrario, y en el caso de que haya una duda razonable de su (*) culpabilidad, está en el derecho de ser absuelto. Revisemos brevemente *seriatim* los extremos hechos a favor del demandado. De una vista cuidadosa de los autos en este caso, se verá que hay prueba amplia para justificar al jurado en dar el referido veredicto, y aunque alguna de la misma se estime contradictoria, es un precepto de ley bien establecido que en casos de pruebas contradictorias, cuando hay suficientes pruebas en que fundar la sentencia, el veredicto del jurado y la sentencia del tribunal sentenciador no se molestarán. Este precepto cubre los primeros tres extremos alegados por la defensa. En cuanto al cuarto, que alega una infracción de los estatutos.

*Primero:* el intento está claramente demostrado por las circunstancias del caso, presumiéndose que todo acusado haya tenido la intención de producir las consecuencias de sus actos deliberados.

*Segundo:* no hay nada absolutamente que demuestre la defensa propia en los hechos de esta causa. El acusado fué armado con un revólver, el agraviado sufrió la única herida que fué infligida. El jurado fué perfectamente justificado en desestimar tal alegato.

*Tercero:* ni puede decirse tampoco que el veredicto del jurado era contrario a las pruebas, por las razones arriba citadas. En cuanto a las nuevas pruebas, es necesario, no solamente que la prueba sea nuevamente conocida, sino que debe demostrarse a la satisfacción de la corte que mediante

diligencia razonable no se podría haber descubierto por la parte que la ofrece antes de celebrar el juicio.

*Cuarto:* es verdad que este demandado, como toda persona acusada, fué atendido durante todo el juicio por la presunción de que era inocente, pero los hechos establecen su culpabilidad fuera de toda duda razonable. Así es que ninguno de los extremos, ya de ley, ya de hecho, que han sido urgidos en favor del recurrente, parecen ser bien fundados. Las instrucciones de la corte no aparecen en los autos, y no se ha presentado queja respecto a ello. El fué juzgado recta e imparcialmente ante un jurado por él elegido. La sentencia parece ser perfectamente (*) correcta y justa. Siendo mi opinión que el tribunal no cometió error alguno, en la vista de la causa, y que la sentencia dictada en la misma está justificada por la ley y por los hechos, debe confirmarse la misma.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández y Figueras.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la vista de esta causa.